IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01786-MSK-KLM

SIRRLOVE WILLIAMS,

　　　Plaintiff,

v.

CAPT. SOURS,
NURSE MONICA,
DR. GAFERD, and
CITY AND COUNT[Y] OF DENVER[,] COLO.,

　　　Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Default Judgment** [Docket No. 27; Filed October 29, 2009] (the "Motion"), Defendant Larson's[1] **Motion to Quash Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5)** [Docket No. 29; Filed October 30, 2009] and Defendant Larson's **Motion to Set Aside Entry of Default** [Docket No. 34; Filed November 4, 2009].   Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for recommendation. The Court has reviewed the Motions, Defendants Larson and Gafford's[2] objections to Plaintiff's Motion for Entry of Default [Docket No. 30, 31], the entire file, and relevant legal authority, and is advised in the premises.   For the reasons stated below, I RECOMMEND that Plaintiff's

_____

[1] Defendant Monica Larson is identified in the Complaint as "Nurse Monica."

[2] Defendant Dr. Jennifer R. Gafford is misidentified in the Complaint as "Dr. Gaferd."

Motion be **DENIED** and that Defendant Larson's Motions be **GRANTED**.

## I. Background

On July 29, 2009, Plaintiff, a Colorado state prisoner appearing *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 against Captain Sours, Monica Larson, Dr. Gafford, and the City and County of Denver, Colorado. *Complaint* [#1]. He alleges that Defendants have retaliated against him for filing civil rights actions and that they have continually harassed him. *Id.* at 4-9.

Defendants Larson, Gafford, and Sours were served with the Summons and Complaint on September 4, 2009 and their responses were due September 24, 2009. [# 14, 15, 16]. Defendant City and County of Denver was served on October 13, 2009 and its response was due November 2, 2009. [#21]. Defendants Sours, Gafford, and the City and County of Denver filed an Answer on October 15, 2009 [#22] and an Amended Answer on October 28, 2009. [#24].

Plaintiff filed a Motion for Default Judgment against Defendants Gafford and Larson on October 29, 2009. [#27]. Defendant Larson filed a Motion to Quash Service of Process the next day, October 30, 2009. [#29]. That same day, the Clerk of the Court denied entry of default against Defendant Gafford because she had filed an Answer to the Complaint. [#32]. However, on November 2, 2009, the Clerk entered default against Defendant Larson on the mistaken ground that she had failed to file a pleading or otherwise defend. [#33]. Defendant Larson filed a Motion to Set Aside Entry of Default on November 4, 2009. [#34].

## II. Analysis

The Court must resolve three issues: (1) whether the entry of default against

Defendant Larson should be set aside; (2) whether Plaintiff is entitled to a default judgment against Defendants Gafford and Larson; and (3) whether service of process upon Defendant Larson should be quashed.

Regarding the entry of default against Defendant Larson, default may be entered against a party who fails to appear or otherwise defend the case brought against it pursuant to Fed. R. Civ. P. 55.  A court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c).  Courts have interpreted the good cause standard liberally, as default judgments are not favored and the preference is to decide cases on their merits. *Fabschutz v. Saxby's Coffee, Inc.*, No. 07-cv-02222-LTB-MJW, 2008 WL 686912, *1 (D.Colo. 2008) (citing *Katzson Bros., Inc. v. United States Env. Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988)).  The decision to set aside an entry of default is within the discretion of the trial court.  *Id.* (citing *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

The Clerk of the Court entered default against Defendant Larson on the grounds that she had failed to file a pleading or otherwise defend.  Defendant Larson argues that the entry of default was erroneous because she had filed a pleading, a motion to quash based on insufficient service of process, prior to the entry of default.  I agree.  Filing a motion to quash service is a sufficient response to the Complaint so as to prevent default. *Mohammed v. Davis County*, No. 2:07-cv-637-TS, 2008 WL 656527, at *1 (D. Utah Mar. 11, 2008); *see also* 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2682, at 16-17 (the term "otherwise defend" under Rule 55(a) includes challenges to service). The Clerk erred in entering default against Defendant Larson.  The entry of default should be set aside.

Assuming that the entry of default was proper, Plaintiff would still not be entitled to a default judgment against Defendant Larson. Even after entry of default, it is for the Court to decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

In determining whether entry of judgment is warranted, the Court must first consider whether the Court has personal and subject matter jurisdiction in the case. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)*; Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). To establish personal jurisdiction, the Court must address the adequacy of service of process on Defendant Larson. *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2008 WL 5651458, at *2 (D. Colo. Aug. 5, 2008) (unpublished decision).

The serving party bears the burden of proving the validity of service of process. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). "'[P]laintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant.'" *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008)(quoting *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008). "Effectuation of service is a precondition to suit...." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal

jurisdiction over the Defendant. *Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). Plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

Rule 4(e) of the Federal Rules of Civil Procedure states that an individual may be served pursuant to state law, or by delivering a copy of the Summons and Complaint to the individual personally, leaving the Summons and Complaint at the individual's dwelling, or delivering a copy to an agent authorized by appointment of law to accept service on the individual's behalf. Fed. R. Civ. P. 4(e)(1) & (2). In addition to these methods of service, Colorado Rule of Civil Procedure 4(e)(3) authorizes service of process on an individual by leaving a copy of the Summons and Complaint at the person's usual place of business with the person's secretary, bookkeeper, manager or chief clerk.

While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). The United States Marshal attempted to serve Defendant Larson at the Denver County Jail based on the information provided by Plaintiff. On the Summons, Plaintiff provided an address of 10900 Smith Road, Denver, Colorado for Defendant Larson, which is the Denver Reception and Diagnostic Center. On the Complaint, Plaintiff lists Defendant Larson's address as P.O. Box 1108, Denver, CO, which is at the Denver County Jail, 10500 Smith Road.

Defendant Larson was not personally served with the Complaint. Service was received by Sergeant Lawrence Austin at the Denver County Jail. [#15]. Defendant Larson

asserts that Sergeant Austin is not her authorized agent and she was not employed at the

Denver County Jail at the time service was attempted by the Marshal. Plaintiff has not

responded to the Motion to Quash.  Therefore, he has not satisfied his burden of proving

sufficiency of process.  The Court does not have personal jurisdiction over Defendant

Larson and Plaintiff is not entitled to a default judgment against her.

Defendant Gafford also opposes Plaintiff's motion for default judgment.  Defendant

Gafford filed an Amended Answer on October 28, 2009, prior to Plaintiff's Motion. [#24].

The Clerk of the Court correctly denied entry of default.  Gafford has not failed to plead or

otherwise defend as required under Rule 55.  Moreover, entry of default under Fed. R. Civ.

P. 55(a) is a prerequisite for the entry of a default judgment.  *Garrett v. Seymour*, 217 Fed.

Appx. 835, 838 (10th Cir. 2007).  Therefore, a default judgment should not be entered

against Defendant Gafford.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED**  that Plaintiff's Motion for Default Judgment [#27]

be **DENIED**.

IT IS FURTHER **RECOMMENDED** that Defendant Larson's Motion to Quash

Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) [# 29] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Defendant Larson's Motion to Set Aside

Entry of Default [#34] be **GRANTED**.

IT IS FURTHER **RECOMMENDED**  that the United States Marshal be ordered to

attempt to obtain a waiver of service of the Summons and Complaint from Defendant

Larson through her counsel of record.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED:    December 10, 2009

BY THE COURT:

__s/ Kristen L. Mix_____
Kristen L. Mix
United States Magistrate Judge

7